UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. **02-80086**

18 U.S.C. 371
18 U.S.C. 2
15 U.S.C. 78j(b)
15 U.S.C. 78ff(a)
17 C.F.R. 240.10b-5

**CR-HURLEY**

**MAGISTRATE JUDGE VITUNAC**

UNITED STATES OF AMERICA, )
　　　　　　　　　　　　　　　　)
　　　　　　　　Plaintiff, 　　　　　)
　　　　　　　　　　　　　　　　)
vs.　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　)
PAUL D. LEMMON,　　　　　　　)
PAUL DEROME,　　　　　　　　 )
and ANDREW K. PROCTOR,　　　)
　　　　　　　　　　　　　　　　)
　　　　　　　　Defendants.　　　　)
_____ )

FILED BY: __ D.C.
2002 MAY 14 PM 3:30
CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FL.-FTL.

## INDICTMENT

The Grand Jury charges that:

### GENERAL ALLEGATIONS

At all times relevant to this Indictment:

1. Voyager Group Ltd. ("Voyager"), a corporation with its principal place of business in Bermuda, purported to be a full-service financial services company. Voyager was also a member of the Bermuda Stock Exchange.

2. Defendant **PAUL D. LEMMON** was founder and managing director of Voyager.

3. The New Anaconda Company was a Utah corporation that listed its corporate address in Salt Lake City, Utah. Although the common stock of the New Anaconda Company was not traded on an exchange, it was publicly traded in the United States as an over-the-counter security under the



ticker symbol "NANA." NANA purported to be in the business of turning fly ash into gold.

4. Defendant **PAUL DEROME** was the president and majority shareholder of NANA.

5. Defendant **ANDREW K. PROCTOR** was a director of Voyager.

6. An agent of the Federal Bureau of Investigation, acting in an undercover capacity, posed as a corrupt securities trader for a fictitious stock mutual fund on behalf of a number of investors who had invested approximately $800 million in the fund.

7. Two cooperating witnesses posed as corrupt stock promoters and consultants who presented prospective stock deals to the undercover agent's mutual fund.

## COUNT 1

### Conspiracy to Commit Wire, Mail, and Securities Fraud

8. The allegations in paragraphs 1-7 of this Indictment are incorporated by reference as though fully set forth herein.

9. From on or about December 13, 1999 through on or about at least the date of this Indictment, in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, the defendants,

**PAUL D. LEMMON,
PAUL DEROME, and
ANDREW K. PROCTOR,**

did knowingly and willfully combine, conspire, confederate, and agree with each other and with others known and unknown to the Grand Jury, to commit offenses against the United States, namely:

a. to knowingly and willfully devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of

executing such scheme and artifice to transmit and cause to be transmitted, by means of wire communications in interstate and foreign commerce, certain writings, signs, signals, pictures and sounds, in violation of Title 18, United States Code, Sections 1343 and 1346;

b. to knowingly and willfully devise a scheme and artifice to defraud and deprive others of the intangible right of honest services, and to obtain money and property by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, and attempting to do so, to cause to be delivered by the United States Postal Service and by commercial interstate carrier, according to the directions thereon, certain matters and things, in violation of Title 18, United States Code, Sections 1341 and 1346; and

c. directly and indirectly, to knowingly and willfully use and employ manipulative and deceptive devices and contrivances in connection with the purchase and sale of a security in contravention of rules and regulations prescribed by the Securities and Exchange Commission as necessary and appropriate in the public interest and for the protection of investors, as alleged in Count 2 of this Indictment, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5.

## OBJECTS OF THE CONSPIRACY

10. It was the purpose and object of the conspiracy for the defendants to unlawfully enrich themselves by defrauding the undercover agent's mutual fund. It was also the object of the conspiracy for the defendants to unjustly enrich themselves by defrauding the public shareholders of NANA.

## MANNER AND MEANS OF THE CONSPIRACY

11. It was a part of the conspiracy that the undercover agent's mutual fund would pay

approximately $8 million to purchase NANA stock, which, in actuality, was worth no where near that amount, from NANA, **PAUL D. LEMMON**, and **PAUL DEROME**.

12. It was also a part of the conspiracy that, based on the overpayment, the undercover agent and the cooperating witnesses would receive a 25% undisclosed kickback for themselves from **PAUL D. LEMMON** and **PAUL DEROME** on the $8 million purchase.

13. It was also a part of the conspiracy that **PAUL D. LEMMON, PAUL DEROME**, and **ANDREW K. PROCTOR** would receive for themselves the bulk of the remaining 75% of the $8 million purchase.

14. It was also a part of the conspiracy that prior to the $8 million trade, the undercover agent's mutual fund would purchase $25,000 of NANA stock from NANA, **PAUL D. LEMMON**, and **PAUL DEROME** as a "test trade."

15. It was also a part of the conspiracy that **PAUL D. LEMMON, PAUL DEROME**, and **ANDREW K. PROCTOR** would cause the undercover agent to receive a $20,000 undisclosed kickback on the $25,000 "test trade" so the undercover agent could give the kickback to his purported mutual fund compliance officers to place NANA on a list of companies approved for purchase by the undercover agent's mutual fund so that the $8 million deal could proceed at a later date.

16. It was also a part of the conspiracy that **PAUL D. LEMMON** and **PAUL DEROME** would generate a false paper trail to make it appear as though the $20,000 and 25% undisclosed kickbacks were payments to the undercover agent for legitimate research ostensibly performed.

## OVERT ACTS

17. In furtherance of the conspiracy and to effect the object thereof, the following overt acts,

among others, were committed in Palm Beach and Miami-Dade Counties, in the Southern District of Florida, and elsewhere, by one or more co-conspirators:

   a. On or about August 28, 2000, **PAUL D. LEMMON** had a telephone conversation with the cooperating witnesses in which he expressed a general interest in committing securities fraud with the cooperating witnesses.

   b. On or about September 1, 2000, **PAUL D. LEMMON** had a telephone conversation with the cooperating witnesses in which he proposed that the undercover agent's mutual fund purchase NANA stock to facilitate the securities fraud.

   c. On or about September 15, 2000, **PAUL D. LEMMON** and **PAUL DEROME** met with the cooperating witnesses and the undercover agent to discuss the NANA stock deal.

   d. On or about September 15, 2000, **PAUL DEROME** sent by private carrier from Texas a due diligence package regarding NANA to the cooperating witnesses and the undercover agent in Florida.

   e. On or about September 18, 2000, **PAUL D. LEMMON** sent by private carrier from Bermuda a CD ROM regarding NANA to the cooperating witnesses and the undercover agent in Florida.

   f. On or about September 18, 2000, **ANDREW K. PROCTOR** had a personal meeting with the cooperating witnesses and undercover agent in which **ANDREW K. PROCTOR** agreed that he would get "a piece of" the NANA stock deal.

   g. On or about September 18, 2000, **PAUL D. LEMMON** had a telephone conversation with the cooperating witnesses in which he stated that he and **PAUL DEROME** would create a series of fictitious invoices so there would be a paper trail to cover the undisclosed

kickbacks.

h. On or about September 19, 2000, **PAUL D. LEMMON** and **ANDREW K. PROCTOR** had a telephone conversation with the cooperating witnesses and the undercover agent in which **ANDREW K. PROCTOR** indicated that he understood how the securities fraud scheme worked.

i. On or about September 19, 2000, **PAUL D. LEMMON** and **ANDREW K. PROCTOR** had a telephone conversation with the cooperating witnesses and the undercover agent in which **PAUL D. LEMMON** agreed to facilitate the opening of a prime brokerage account at Bank of America for the undercover agent so that the NANA stock "test trade" could be executed.

j. On or about October 2, 2000, **PAUL D. LEMMON, PAUL DEROME**, and **ANDREW K. PROCTOR** caused the wire transfer of $25,000 from the undercover agent's bank account in Miami, Florida, to Citibank, N.A., in New York for credit to Banc of America Securities, L.L.C., for further credit to Voyager Securities Ltd. to effect the purchase of NANA stock.

k. On or about October 6, 2000, **PAUL D. LEMMON** and **ANDREW K. PROCTOR** caused the wire transfer of $20,000 from Voyager's bank account to the undercover agent's bank account as an undisclosed kickback to provide to the undercover agent's mutual fund due diligence officers.

All in violation of Title 18, United States Code, Section 371.

## COUNT 2

### Securities Fraud

18. The allegations in paragraphs 1 through 7 and 10 through 17 of this Indictment are adopted as though realleged in their entirety herein.

19. From on or about October 2, 2000, through on or about October 6, 2000, in Palm Beach and Miami-Dade Counties and elsewhere, in the Southern District of Florida, the defendants,

**PAUL D. LEMMON,**
**PAUL DEROME, and**
**ANDREW K. PROCTOR,**

directly and indirectly, and by the use of the means and instrumentalities of interstate commerce, and of the mails, knowingly and willfully used and employed manipulative and deceptive devices and contrivances, to wit, (a) employing a device, scheme, and artifice to defraud, (b) making untrue statements of material facts and omitting to state material facts necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, and (c) engaging in acts, practices, and courses of business which operated and would operate as a fraud and deceit upon other persons, in connection with the purchase and sale of a security, that is, the sale of approximately 70,000 shares of NANA stock to the undercover agent's mutual fund, in contravention of rules and regulations prescribed by the Securities and Exchange Commission as necessary and appropriate in the public interest and for the protection of investors, in violation of Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations,

Section 240.10b-5, and Title 18, United States Code, Section 2.

A TRUE BILL

_____
FOREPERSON

_____
GUY A. LEWIS
UNITED STATES ATTORNEY

_____
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY

-8-

## RECOMMENDED BOND SHEET

<u>     PAUL D. LEMMON     </u>
Defendant

Pre-trial Detention is recommended.

*(signature)*
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY
500 EAST BROWARD BOULEVARD, 7TH FL
FORT LAUDERDALE, FLORIDA  33394
FLORIDA BAR NO. 908223
TELEPHONE: (954) 356-7255x3595
FACSIMILE: (954) 356-7336
E-MAIL: Robin.Rosenbaum@usdoj.gov

Address of Defendant:
Unknown

Agent:
FBI S/A Ann Costello (305) 944-9101

## RECOMMENDED BOND SHEET

<u>      PAUL DEROME       </u>
Defendant

Pre-trial Detention is recommended.

*(signature)*
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY
500 EAST BROWARD BOULEVARD, 7TH FL
FORT LAUDERDALE, FLORIDA  33394
FLORIDA BAR NO. 908223
TELEPHONE:  (954) 356-7255x3595
FACSIMILE: (954) 356-7336
E-MAIL: Robin.Rosenbaum@usdoj.gov

Address of Defendant:
Unknown

Agent:
FBI S/A Ann Costello (305) 944-9101

## RECOMMENDED BOND SHEET

<u>ANDREW K. PROCTOR</u>
Defendant

Pre-trial Detention is recommended.

*[signature]*
ROBIN S. ROSENBAUM
ASSISTANT UNITED STATES ATTORNEY
500 EAST BROWARD BOULEVARD, 7TH FL
FORT LAUDERDALE, FLORIDA  33394
FLORIDA BAR NO. 908223
TELEPHONE:  (954) 356-7255x3595
FACSIMILE: (954) 356-7336
E-MAIL: Robin.Rosenbaum@usdoj.gov

Address of Defendant:
Unknown

Agent:
FBI S/A Ann Costello (305) 944-9101

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: _____PAUL D. LEMMON_____ No.:_____

Count # I:

Securities Fraud Conspiracy; in violation of 18:371

*Max Penalty: Five years' imprisonment; $250,000 fine

Count # II:
Securities Fraud; in violation of 15:78j(b) and 78ff

*Max Penalty: Ten years' imprisonment; $1,000,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
### PENALTY SHEET

Defendant's Name: __PAUL DEROME__ No.:_____

Count # I:

Securities Fraud Conspiracy; in violation of 18:371

*Max Penalty: Five years' imprisonment; $250,000 fine

Count # II:
Securities Fraud; in violation of 15:78j(b) and 78ff

*Max Penalty: Ten years' imprisonment; $1,000,000 fine

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

Count # :

*Max Penalty:

*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.

REV. 12/12/96

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF FLORIDA
# PENALTY SHEET

Defendant's Name: __ANDREW K. PROCTOR__   No.:_____

Count # I:

Securities Fraud Conspiracy; in violation of 18:371

*Max Penalty: Five years' imprisonment; $250,000 fine


Count # II:
Securities Fraud; in violation of 15:78j(b) and 78ff

*Max Penalty: Ten years' imprisonment; $1,000,000 fine


Count # :


*Max Penalty:


Count # :


*Max Penalty:

Count # :


*Max Penalty:

Count # :


*Max Penalty:

**\*Refers only to possible term of incarceration, does not include possible fines, restitution, special assessments, parole terms or forfeitures that may be applicable.**

REV. 12/12/96

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

| | |
|---|---|
| UNITED STATES OF AMERICA | CASE NO. _____ |
| v.<br>PAUL D. LEMMON,<br>PAUL DEROME, and<br>ANDREW K. PROCTOR | **CERTIFICATE OF TRIAL ATTORNEY*** <br><br>**Superseding Case Information**: |

**Court Division**: (Select One)

\_\_ Miami \_\_ Key West
\_\_ FTL _x_ WPB \_\_ FTP

New Defendant(s)     Yes \_\_   No \_\_
Number of New Defendants     \_\_
Total number of counts     \_\_

I do hereby certify that:

1. I have carefully considered the allegations of the indictment, the number of defendants, the number of probable witnesses and the legal complexities of the Indictment/Information attached hereto.

2. I am aware that the information supplied on this statement will be relied upon by the Judges of this Court in setting their calendars and scheduling criminal trials under the mandate of the Speedy Trial Act, Title 28 U.S.C. Section 3161.

3. Interpreter:     (Yes or No) __No__
   List language and/or dialect     __English__

4. This case will take __15__ days for the parties to try.

5. Please check appropriate category and type of offense listed below:
   (Check only one)                    (Check only one)

   I    0 to 5 days     \_\_\_    Petty     \_\_\_
   II   6 to 10 days    \_\_\_    Minor     \_\_\_
   III  11 to 20 days   _X_      Misdem.   \_\_\_
   IV   21 to 60 days   \_\_\_    Felony    _X_
   V    61 days and over \_\_\_

6. Has this case been previously filed in this District Court? (Yes or No) __No__
   If yes:
   Judge: _____  Case No. _____
   (Attach copy of dispositive order)
   Has a complaint been filed in this matter? (Yes or No) __No__
   If yes:
   Magistrate Case No. _____
   Related Miscellaneous numbers: _____
   Defendant(s) in federal custody as of _____
   Defendant(s) in state custody as of _____
   Rule 20 from the _____  District of _____

7. Does this case originate from a matter pending in the U. S. Attorney's Office prior to April 1, 1999? \_\_ Yes _X_ No   If yes, was it pending in the Central Region? \_\_ Yes \_\_ No

8. Did this case originate in the Narcotics Section, Miami? \_\_ Yes _X_ No

                    _____
                    ROBIN S. ROSENBAUM
                    ASSISTANT UNITED STATES ATTORNEY
                    Florida Bar No. 908223

*Penalty Sheet(s) attached                                    REV.6/27/00
N:\HPantaleo\ROSENBAUM\LEMON, PROCTOR, DEROME\INDPKG.wpd